UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEMETRIUS MAGGIT,

        Plaintiff,

v.

GRAND RAPIDS POLICE
DEPARTMENT et al.,

        Defendants.
_____/

Case No. 1:18-cv-1293

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Grand Rapids Police Department (GRPD) and Dwelling Place.

## Discussion

    I.    Factual Allegations

Plaintiff is presently a parolee under the supervision of the Michigan Department of Corrections (MDOC), who is jailed at the Kent County Correctional Facility (KCCF). The

actions about which he complains, however, relate to his arrest, prosecution, and detention at the KCCF from April 27, 2016, to November 28, 2016. Plaintiff sues the GRPD, the City of Grand Rapids, Dwelling Place, and the unknown officers (named as "John Doe Officers") who stopped and arrested him and assisted in his prosecution.

On April 27, 2016, Plaintiff was charged in the Kent County Circuit Court with possession of a controlled substance analogue (Clonazapam), Mich. Comp. Laws § 333.7403(2)(b)(ii), resisting and obstructing, Mich. Comp. Laws § 750.81d(1), and possession with intent to distribute an imitation controlled substance, Mich. Comp. Laws § 333.7341(3). Defense counsel filed a motion to suppress the drug evidence discovered during the stop and arrest. The trial court granted the motion on October 3, 2016.

The prosecutor appealed to the Michigan Court of Appeals. In a lengthy published opinion issued on May 30, 2017, the Michigan Court of Appeals upheld the grant of the motion to suppress. The following factual background is taken from that decision:

> . . . The charges arose out of an incident that began in a parking lot located at 101 Sheldon in Grand Rapids, Michigan. At approximately 10:00 a.m. on or about April 27, 2016, the Grand Rapids police officer involved in defendant's arrest was positioned behind a van in an adjacent parking lot across the street. The officer had worked in the neighborhood for the past four years and was watching the parking lot because it was known for drug sales and use. The parking lot primarily serves two establishments, the Cherry Street Dental Clinic and Dwelling Place. According to the officer, the owners of those establishments had concerns about the illegal activities that occurred in the parking lot, and "the management from Dwelling Place has signed a letter of intent to prosecute trespassers" as a result of those concerns. The letter was kept on file with the Grand Rapids Police Department (GRPD) and was not generally known to the public.
>
> The morning of the incident was sunny, and the parking lot had frequent traffic that day. In addition, the establishments that used the parking lot were open to the public for business. The police officer observed two men—later identified as defendant and Carson Brown—walk to the parking lot from an adjacent sidewalk. The men did not walk toward the only door that led to Dwelling Place or the dental clinic. Instead, they walked toward the rear corner of the parking lot where there was no door. Neither man attempted to move toward any of the cars in the parking lot. The officer opined that the path the men traversed would have taken them "a

2

little more than a car length" from a no-trespassing sign located in the center of the parking lot. In light of his experience in that neighborhood and other drug transactions he had witnessed, the officer suspected "that there was an exchange" of narcotics between the two men. However, given his positioning across the street, the officer could only see that the two men were standing next to each other in the parking lot, and he could not see whether they engaged in any type of narcotics transaction.

Defendant and Brown left the parking lot and returned to the sidewalk. They then began walking south on the sidewalk toward Cherry Street. At that point, the officer notified dispatch that he was "going to be stopping two that were trespassing" and that he needed backup.[] The officer approached the men from behind, identified himself as a police officer, and told them, "you have to stop." Brown complied with the command, but defendant continued to walk. Thereafter, defendant was told, "[T]his is the police, you have to stop. *You are under arrest for trespassing*." (Emphasis added.) The officer testified that he decided "to go hands-on" with defendant, and he told defendant to place his hands on the top of his head so that he could handcuff defendant. Defendant raised his hands to be handcuffed. As the officer reached for his handcuffs, defendant turned and ran back to the parking lot, where he ran down a set of stairs at the back of the lot that enters onto 106 South Division.

The officer briefly pursued defendant, but eventually gave way to two other officers who were coming to the area because of his request for backup. The record is not entirely clear, and the details come primarily from the parties' written submissions to the trial court, but it appears that the other officers eventually caught defendant and that some sort of struggle ensued. Also at some point—again, it is not entirely clear given the evidence presented at the suppression hearing—defendant dropped or discarded a white container with 14 green pills inside of it. In addition, the other officers searched defendant and found bags containing an unknown substance or substances that tested negative for any controlled substances.

After the other officers arrested defendant, they took him back to the initial officer, who had detained Brown. At this point, the officers ran defendant's name through the Law Enforcement Information Network (LEIN), and they discovered that he had an outstanding arrest warrant for "Absconding parole." Until that time, the officers did not know who defendant was or that he had an outstanding warrant for his arrest. In a written opinion and order, the trial court found—and the prosecution has not contested this finding—that by the time the officers discovered the valid arrest warrant, they had already arrested and seized defendant. That is, the discovery of the warrant came *after* the search and seizure in this case.

*People v. Maggit*, 903 N.W.2d 868, 870-72 (Mich. Ct. App. 2017).

In affirming the grant of the motion to suppress, the court of appeals found that the officer did not attempt to conduct an investigatory stop, but instead attempted to arrest Plaintiff,

3

that the arrest violated the Fourth Amendment, and that the exclusionary rule applied. *Id.* at 872-83. Plaintiff sues the police officer who unconstitutionally arrested him and the other officers who participated in the arrest. He alleges that the arresting officer profiled him, unlawfully detained him, and assaulted him. In addition, he contends that the officers who chased him struck him lightly with a police cruiser, wrestled him to the concrete, and kneed him repeatedly in his side.

Plaintiff complains that he was unlawfully arrested and that his arrest was conducted unreasonably and with excessive force. Plaintiff asserts that the unlawful arrest and subsequent detention caused him physical pain and psychological harm. Plaintiff seeks compensatory damages, and he requests that the officers be criminally charged.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III. Grand Rapids Police Department

Plaintiff sues the GRPD. It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the Grand Rapids Police Department is an improper defendant and is entitled to judgment as a matter of law. *Id.*

### IV. Dwelling Place

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Dwelling Place is a nonprofit corporation centered in Grand Rapids, Michigan, whose mission is to "improve[] the lives of people by creating quality affordable housing, providing essential support services and serving as a catalyst for neighborhood revitalization." *See* Dwelling Place mission statement, http://www.dwellingplacegr.org/history-page (last visited January 4, 2019). Plaintiff wholly fails to allege conduct by Dwelling Place that could be fairly attributed to the State. He alleges nothing more than that the officer attempted to arrest him for having been in the Dwelling Place parking lot. Moreover, to the extent that Plaintiff intends to imply that Dwelling Place acted jointly with the GRPD by signing a no-trespassing letter for the police, he fails to state a claim. The Michigan Court of Appeals expressly held that Dwelling Place neither asked the officers to arrest Plaintiff nor engaged in any conduct related to the arrest. Dwelling Place did no more than sign a GRPD-created no-trespassing letter "allowing 'the GRPD to ask unauthorized persons to leave the property,' and if such persons refuse, the letter authorizes 'the GRPD to enforce any violations of the law on the property.'" *Maggit*, 903 N.W.2d at 874. As the court of appeals held, the officer did not engage in conduct authorized by Dwelling Place. *Id.*

Plaintiff's allegations therefore are insufficient to show that Defendant Dwelling Place engaged in conduct that either led to the injury or was fairly attributable to the state. Accordingly, Plaintiff fails to state a § 1983 claim against Defendant Dwelling Place.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Grand Rapids Police Department and Dwelling Place will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated:   January 16, 2019			/s/ Robert J. Jonker
						ROBERT J. JONKER
						CHIEF UNITED STATES DISTRICT JUDGE